UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: LORRAINE HALLECK,
_____

    Weitz & Luxenberg,

        Appellant,
v.

    Lorraine Halleck (a/k/a Walius),

        Appellee.
_____/

Case No. 15-11094

(Attorney Lien Appeal)

Honorable Denise Page Hood

## ORDER REGARDING LIEN APPEAL
## and CLOSING ACTION

This matter is before the Court on an attorney lien appeal filed by Appellant Weitz & Luxenberg ("Firm") as to a claim before the Settlement Facility-Dow Corning Trust ("SF-DCT") filed by the Firm on behalf of Appellee Lorraine Halleck ("Halleck"). The Court issued a briefing schedule. The Firm filed its appellate brief. No response brief was filed by Halleck.

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy. *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). The Court retains jurisdiction to interpret and

enforce confirmed plans of reorganization. *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996). The Amended Joint Plan of Reorganization ("Plan") provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA") *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09.

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") applies to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert the right to receive a portion of the payments to the claimants from the SF-DCT. (Lien Review Procedures, § 1.01) Once the SF-DCT receives an Alleged Lienholder claim, the SF-DCT must send a Notice and a Proof of Lien form to the Alleged Lienholder. "The Alleged Lienholder must return the completed Proof of Lien form and supporting documentation to the SF-DCT within 30 days from the date of the Notice from the SF-DCT." (Lien Review Procedures, § 4.01(a)) Failure to comply with Section 4.01(a) bars the Alleged Lienholder from asserting the lien. (Lien Review Procedures, § 4.01(d)) The Alleged

Lienholder may appeal the SF-DCT's decision 30 days from the date of the letter from the SF-DCT informing the Alleged Lienholder of the right to appeal the decision. (Lien Review Procedures, § 4.01(d)) The Lien Review Procedures provide that the Court "determine[s] that the Alleged Lienholder has met the burden in FRCP 60," and if it so finds, "the Alleged Lienholder's claim shall be processed by the SF-DCT pursuant to these Procedures." (Lien Review Procedures, § 4.01(d))

Rule 60(b)(1) allows a court to relieve a party from a final judgment, order, or proceeding based on a mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). In addition to showing the existence of mistake, inadvertence, surprise or excusable neglect, a movant must demonstrate that the movant has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980). Determinations under Rule 60(b) are within the sound discretion of the court. *Id.* The fact that a party was misled by certain procedural requirements is a proper consideration by the courts in determining whether to grant relief under 60(b). *Id.* at 1161.

In support of its appeal, the Firm submitted the Declaration of Michael E. Pederson. Pederson asserts that the Firm's lien claim was denied "due to an inadvertent failure to file a Proof of Lien form when we advised the Settlement

Facility - Dow Corning Trust (SF-DCT) of our intent to assert a lien." (Pederson Decl., ¶ 2) On December 15, 2014, the Firm received notification from the SF-DCT that the Firm had been dismissed as counsel for Halleck's claim. (Pederson Decl., ¶ 49) That very same day, the Firm provided notice to the SF-DCT, by email, that the Firm had a lien against any award on Halleck's claim. (Pederson Decl., ¶ 51 & Ex. B) The email sent advised the SF-DCT that the Firm was not seeking any additional expenses and that the fee requested "comported with the reduced attorney fee rate in effect." (Pederson Decl., ¶ 52 & Ex. B) After various emails were exchanged between the Firm and the SF-DCT, the SF-DCT responded on December 15, 2014 at 3:44 pm that "[w]e will process your lien request." (Pederson Decl., Ex. D) The Firm was "surprised when on January 30, 2015, over a month later, we received a Notice of Lien Denial from the SFDCT" for "failure to provide a Proof of Lien Form." (Pederson Decl., ¶ 54) The missing lien form was never mentioned in any of the email correspondences from the SF-DCT. (Pederson Decl., ¶ 55)

The Firm does not indicate whether it received a Notice from the SF-DCT that it must return a completed Proof of Lien form within 30 days from the date of the Notice as required under the Lien Review Procedures, § 4.01(a). The Notice

would have triggered the Firm's requirement to submit within 30 days the Proof of Lien form and supporting documents.

The Court's review of the email exchanges between the Firm and the SF-DCT finds that the SF-DCT's response that "[w]e will process your lien request" could have created confusion on the Firm's part that it had submitted all the required information and the SF-DCT was processing the lien request. (Pederson Decl., Ex. D) The SF-DCT did not require that the lien request would be processed only after the Firm submitted the Proof of Lien form. The Firm's initial email on December 15, 2014 at 1:01 p.m. substantially responds to the information sought on the Proof of Lien form, including: the name, address and telephone number of the entity asserting a lien; the name and SID number of the claimant; the basis of the lien asserted, and the amount of the lien asserted. Based on the SF-DCT's response that it would process the Firm's lien request, and, given that the email sent to the SF-DCT substantially responds to the information sought on the Proof of Lien Form, the Firm has carried its burden of the existence of a mistake, inadvertence or surprise under Rule 60(b)(1).

The Firm has shown it has a meritorious claim based on Pederson's Declaration chronicling its representation of Halleck since April 1993 and its work on submitting Halleck's claim before the SF-DCT. The Firm has carried its burden

that it may have a valid lien against Halleck's awards before the SF-DCT. Halleck did not file a response to rebut the assertions in Pederson's Declaration. The Contingent Fee Agreement attached to Pederson's Declaration establishes that Halleck agreed to a lien by the Firm on any sum collected as a result of the Firm's work on Halleck's claim. (Pederson Declaration, Ex. C)

For the reasons set forth above,

IT IS ORDERED that the Appeal filed by Weitz & Luxenberg, P.C. **(Doc. No. 1)** is GRANTED. The Settlement Facility-Dow Corning Trust's Notice of Lien Denial for failure to return the form within 30 days is REVERSED.

IT IS FURTHER ORDERED that Weitz & Luxenberg, P.C. submit the Proof of Lien Form filed in this appeal, along with any supporting documentation, to the Settlement Facility-Dow Corning Trust **within thirty (30) days from the date of this Order**. The Settlement Facility-Dow Corning Trust may thereafter process the Firm's claim pursuant to the Lien Review Procedures and appropriate provisions of the Plan and Plan Documents.

IT IS FURTHER ORDERED that this action is designated CLOSED on the Court's docket.

                                                  */s/ Denise Page Hood*
                                                  DENISE PAGE HOOD
                                                  Chief Judge

DATED: December 16, 2016

## CERTIFICATE OF SERVICE/MAILING

I certify that a copy of this document was served on this date electronically or by ordinary mail to all parties in interest.

                                             */s/ Sarah Schoenherr*  
                                             Deputy Clerk (313) 234-5090

Date: December 16, 2016